```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

| | |
|---|---|
| **JENNIFER NYSELIUS,** )  )  Plaintiff )  )  v. )  )  ) **WYETH PHARMACEUTICALS, INC.** ) A Delaware corporation, Plan ) Administrator), ) LONG TERM DISABILITY PLAN POLICY NO. ) 5565888, an employee benefit plan, aka ) Wyeth Pharmaceuticals, Inc. LTD Plan, ) And ) **METROPOLITAN LIFE INSURANCE COMPANY** ) Plan Administrator of LTD Plan ) | C.A. No. |

## COMPLAINT

**COMES NOW** the Plaintiff, by undersigned counsel, and as a cause of action against the above named Defendants, hereby alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. Section 1132(e)(1), the pendant jurisdiction of this Court, and under 28 U.S.C. Section 1331.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. Section 1132(e)(2), and 28 U.S.C. Section 139(b).

## PARTIES

4. Jennifer Nyselius, ("Nyselius" or "Plaintiff") is a former employee of Wyeth Pharmaceuticals, Inc. ("Company" and "LTD Administrator") and an intended and former participant in the Plan(s), as that status is defined under the Employee Retirement Income Security Act of 1975 ("ERISA") Section 3(7), 29 U.S.C. Section 1002(7). Plaintiff resides at 2422 Riddle Avenue, Wilmington, Delaware, 19806.

5. Defendant Long Term Disability Plan Policy No. 5565888 ("LTD Plan"), aka Wyeth Pharmaceuticals, Inc., LTD, is a plan , fund or program of the Company relating to benefits described in ERISA Section 3, 29 U.S.C. Section 1002, and an employee welfare benefit plan within the meaning of ERISA Actions 3(1) and (3) [29 U.S.C. Sections 1002(1) and (3)], and ERISA Section 4(a) [29 U.S.C. Section 1003(a)]. LTD Plan (No. 506 has an effective date for purposes of this action of 1/1/99 and is administered and found within the District of Delaware.

6. Defendant Wyeth Pharmaceuticals, Inc., ("Company" and "LTD Plan Administrator") is the Plan Administrator of a fund or program of the Company relating to benefits described in ERISA Section 3, 29 U.S.C. Section 1002, and is a domestic corporation organized under the laws of Delaware.  Company is a Plan Administrator of LTD Plan within the meaning of ERISA Section 3 (16),29 U.S.C. Section 1002(16), and is a fiduciary under ERISA Section 3(21)(A), and Section 402(a), [29 U.S.C. Sections 1002 (21)(A) and 1102(a)].  Company is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. Section 1002(5), and the former employer of Plaintiff, Jennifer Nysellius, whose registered representative in the State of Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

7. Defendant Metropolitan Life Insurance Company, also known to Plaintiff as MetLife (MetLife and Plan Administrator for LTD Plan) is a domestic insurance corporation licensed under the laws of Delaware. Insurance company is the issuer of the LTD Plan Policy #5565888, which is the funding vehicle for and the terms of which comprise the LTD Plan. MetLife is a claims administrator and a benefits determiner

under the LTD Plan, and as such is a Plan Administrator of LTD Plan MetLife is a Plan Administrator of LTD Plan within the meaning of ERISA Section 3(16), 29 U.S.C. Section 1002(16), and is a fiduciary under ERISA Section 3(21)AA), and Section 402(a) [29 U.S.C. Sections 1002(21)(A) and 1102(a)].

8. Defendant "Company" is designated Plan Administrator within the meaning of ERISA Section 3(16), 29 U.S.C. Section 1002(16), and is a fiduciary under ERISA Section 3(21)(A), and Section 402(a), [29 U.S.C. Sections 1002(21)(A) and 1102(a)]. Plan Administrator exercises a plan administrator function under a Committee of the Company within its Benefits Department. The Plan is administered and found within the District of Delaware.

## COMMON FACTS

9. Plaintiff, a former full time employee of Company, was eligible for participation in LTD Plan at the time of an injury which eventually terminated her from her job and ceased active work. Her service with the Company began May 14, 2001 and ended with her termination of employment due to disability on April 13, 2004. At the time of her termination, Plaintiff was eligible to

    participate and to qualify for benefits under the LTD Plan.

10. Plaintiff incurred a debilitating condition comprised of persistent pain of the lumbar region and has been under continuous medical care for this condition since February, 2004.

11. Plaintiff's medical condition, pain and inability of movement have caused her to be unable to perform her job as a pharmaceutical sales representative. Plaintiff's treating physicians have been able to temporarily relieve Plaintiff of some of her pain, but have not provided such relief or strengthening sufficient to allow the Plaintiff to resume normal work activity.

12. Plaintiff has made claims for LTD benefit from the appropriate LTD benefits provider.

13. Plaintiff has provided medical opinions and documentation to the Plan Administrator to substantiate her entitlement to LTD benefits under the LTD plan.

14. On August 9, 2005, through counsel, Plaintiff appealed her denial of LTD Plan benefits claim denial and provided full medical detail of her medical requirement.

15. As a result of this correspondence, Plaintiff has established her rights and the subsequent denial of her

application, Plaintiff has exhausted her administrative remedies via the appeal being denied by the Plan Administrator on September 21, 2005.

**COUNT I   WELFARE PLAN DISABILITY BENEFITS UNDER ERISA**

16. The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

17. Plaintiff's condition met the qualifying inability to perform the duties of her regular occupation for the qualifying period of disability under the LTD Plan.

18. Plaintiff's condition meets and continues to meet the qualifying disability of complete inability to perform any and every duty pertaining to her duties as might be defined under terms of the LTD Plan.

19.  The Plan Administrator, or each of them, has arbitrarily and capriciously denied Plaintiff benefits under LTD Plan on the basis she did not, and does not, medially qualify.

20. Plaintiff is entitled to benefits from the LTD Plan and makes a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), for benefits under the LTD and related status welfare plans which benefits were arbitrarily and capriciously denied to Plaintiff.

21.  No explanations or other descriptive analysis of the medical data submitted to the Plan administrator was provided Plaintiff advising why Plaintiff's condition was not a qualifying disability under STD Plan which is in violation of ERISA Section 503, 29 U.S.C. Section 1133.

22. Plaintiff has followed claims procedures of LTD Plan and otherwise has exhausted her administrative remedies as to her rights to benefits under LTD Plan and related welfare plans.

**WHEREFORE**, Plaintiff asks that the Court:

1) Enter judgment against LTD Plan and related status Plans, and both Company and Plan Administrator, declaring Plaintiff's entitlement to benefits due as indicated above, and direct the LTD Plan and the Plan Administrators to pay said benefits due, together with pre-judgment interest and post-judgment interest on said amounts;

2) Enter judgment against Company and Plan Administrator and LTD Plan for reasonable attorneys' fees costs, and other expenses

allowed by law in prosecuting this action, incurred in this action, or due as a result of any collection or enforcement of any judgment; and

3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**MICHAEL J. GOODRICK, P.A.**

/s/_____

Michael J. Goodrick (#170)
18-B Trolley Square
Wilmington, DE 19806
(302) 778-5360
Attorney for Plaintiff