IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JENNIFER NYSELIUS,** | : |
| Plaintiff | : CIVIL ACTION |
| v. | : NO. 1:05-CV-00814-GMS |
| **WYETH** and **METROPOLITAN LIFE INSURANCE COMPANY,** | : |
| Defendants. | : |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Wyeth Pharmaceuticals, Inc.[1] and Metropolitan Life Insurance Company ("MetLife") (collectively referred to as "Defendants"), by and through their attorneys, hereby respond to Plaintiff's Complaint in accordance with the numbered paragraphs thereof as follows:

### JURISDICTION

1. The allegations of paragraph 1 constitute conclusions of law to which no responsive pleading is required.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

---

[1] Plaintiff has erroneously named "Wyeth Pharmaceuticals, Inc. a Delaware corporation, Plan Administrator, Long Term Disability Plan Policy No. 5565888, an employee benefit plan, aka Wyeth Pharmaceuticals, Inc. LTD Plan" as a defendant in this action. Wyeth Pharmaceuticals, Inc. ("Wyeth Pharmaceuticals") is not the Plan Administrator of the Wyeth Long Term Disability Plan. Rather, the Wyeth Retirement Committee is the designated Plan Administrator of the Wyeth Long Term Disability Plan. Moreover, the Wyeth Long Term Disability Plan, which is part of the Wyeth Group Insurance Program, is fully insured by MetLife under policy number 22465-G. Upon information and belief, "Long Term Disability Plan Policy No. 565888" does not exist.

## VENUE

3. The allegations of paragraph 3 constitute conclusions of law to which no responsive pleading is required.

## PARTIES

4. Defendants admit that Plaintiff Jennifer Nyselius is a former employee of Wyeth Pharmaceuticals and a participant of the Wyeth Long Term Disability Plan (the "Plan"), which is part of the Wyeth Group Insurance Program. Defendants deny that Wyeth Pharmaceuticals is the "LTD Administrator." The remaining allegations of the first sentence of paragraph 4 constitute conclusions of law to which no responsive pleading is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 4.

5. The allegations of the first sentence of paragraph 5 constitute conclusions of law to which no responsive pleading is required. Defendants deny the allegations of the second sentence of paragraph 5.

6. Defendants admit that Wyeth is a domestic corporation organized under the laws of Delaware. Defendants further admit that the Wyeth Retirement Committee is the Plan Administrator of the Plan. Defendants deny the remaining allegations of the first sentence of paragraph 6. Defendants specifically deny that Wyeth Pharmaceuticals is the Plan Administrator. The allegations of the second sentence of paragraph 6 constitute conclusions of law to which no responsive pleading is required. Defendants admit that Wyeth Pharmaceuticals is the former employer of Plaintiff. Defendants further admit that Wyeth's registered agent is The Prentice Hall Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Defendants deny that "Corporation Service Company" is Wyeth's registered representative. The

remaining allegations of the third sentence of paragraph 6 constitute conclusions of law to which no responsive pleading is required.

7. Defendants admit that MetLife is an insurance company licensed under the laws of Delaware. Defendants lack knowledge or information sufficient to form a belief as to the truth of what is known to Plaintiff. Defendants deny the remaining allegations of the first sentence of paragraph 7. Defendants admit that the Plan is fully insured by MetLife. Defendants deny the remaining allegations of the second sentence of paragraph 7. Defendants admit that MetLife is the claims administrator of the Plan and that MetLife determines benefit eligibility. The remaining allegations of the third sentence of paragraph 7 constitute conclusions of law to which no responsive pleading is required. To any extent a responsive pleading is required, the allegations of this paragraph are denied.

8. Defendants admit that the Wyeth Retirement Committee is the Plan Administrator of the Plan. The remaining allegations of the first sentence of paragraph 8 constitute conclusions of law to which no responsive pleading is required. To any extent a responsive pleading is required, the allegations of this paragraph are denied. Defendants deny the remaining allegations of paragraph 8.

## COMMON FACTS

9. Defendants admit that, as a former full time employee of Wyeth Pharmaceuticals, Plaintiff was eligible to participate in the Plan. Defendants further admit that Plaintiff worked for Wyeth Pharmaceuticals from May 14, 2001 until April 13, 2004. Defendants deny the remaining allegations of paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Defendants deny the allegations of the first sentence of paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 11.

12.     Defendants admit that Plaintiff has submitted a claim for benefits under the Plan to MetLife.

13.     Defendants admit that Plaintiff has submitted documents in conjunction with her claim for benefits under the Plan. Defendants deny the remaining allegations of paragraph 13.

14.     Defendants admit that Plaintiff, through counsel, appealed the initial denial of her claim for benefits under the Plan on or about August 9, 2005. Defendants deny the remaining allegations of paragraph 14.

**COUNT I  WELFARE PLAN DISABILITY BENEFITS UNDER ERISA**

15.     The responses to the allegations of paragraphs 1 through 14 are incorporated by reference as if fully stated herein.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

WHEREFORE, Defendants deny the Plaintiff is entitled to the relief requested.

Respectfully submitted,

Dated: February 24, 2006

/s/ Phillip Mellet
Phillip T. Mellet (Del Bar ID 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Phone: (302)777-6523
Email: melletp@pepperlaw.com

*Of Counsel:*

Kay Kyungsun Yu
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Phone: (215) 981-4000
Email: yukay@pepperlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Phillip Mellet, hereby certify that on this 24th day of February, 2006, I caused to be served a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Complaint via CM/ECF and hand delivery upon the following:

> Michael J. Goodrick, Esq.
> MICHAEL J. GOODRICK, P.A.
> 18-B Trolley Square
> P.O. Box 134
> Wilmington, DE 19899

/s/ Phillip Mellet
Phillip Mellet (Del Bar ID 4741)